

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Hill D. Hudson
District Attorney
Pecos, Texas

Dear Sir:

Opinion No. O-3377
Re: Can the county judge of Crane
County legally draw an ex
officio salary of $3,000 per
year as county judge of a
county containing less than
25,000 inhabitants and having
an assessed valuation of less
than $9,000,000, and other
questions?

Your recent request for an opinion of this depart-
ment on the questions as are herein stated has been received.

We quote from your letter as follows:

"At the request of representative citizens of
Crane County, Texas, I am asking your opinion
upon the following questions, all of the ques-
tions refer to Crane County, Texas, which has,
at this time an assessed valuation of some-
thing slightly in excess of $8,000,000 and a
population, according to the last census, of
slightly less than 3,000 inhabitants.

"First: Can the County Judge of Crane
County legally draw an ex officio salary
of $3,000 per year as County Judge of
a county containing less than 25,000 in-
habitants and having an assessed valua-
tion of less than $9,000,000?
"I can find no cases upon this and I do not have
the past opinions of your Department, but I can
find no reason why Article 3883, as amended by
the 46th. Legislature, does not apply.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT



Honorable Hill D. Hudson, Page 2

"Second: Does Article 3902 authorize
the employment by the County Judge of
a stenographer to be paid out of the
General Fund of the County, in a county
having a valuation of less than
$9,000,000 and a population of less
than 3,000?

"Our search for an authority upon this matter was
unavailing, although, we are advised that your
Department has previously ruled upon this mat-
ter.

"Third: Is the County and District
Clerk, in a county having less than
$9,000,000 valuation and a population
less than 3,000 legally entitled to an
ex officio salary of $2,400 per year
and in addition thereto, to retain 'all
fees of office up to the maximum of
$3,000 per year'?

"My interpretation of this order, as entered by
the Commissioners' Court of Crane County, Texas,
as reflected by their Minutes, is to give the
Clerk an ex officio salary of $200 per month
and permit him to retain all fees of office until
the aggregate of salary and fees retained reaches
the sum of $3,000 per year.

"Fourth: Does Article 6785 of the Re-
vised Statutes of Texas, permit the em-
ployment of a 'special overseer' in a
county of less than $9,000,000 valuation
and less than 3,000 inhabitants, which
has not complied with, or adopted, the
general provisions of Chapter 3, Title
116, with reference to maintenance of
roads and particularly to the drainage
provision thereof?

"This seems to be a new question, but in my opin-
ion the Statute is not a general statute appli-
cable in this situation."

Crane County has a population of 2,841 inhabitants
according to the 1940 Federal census. We are informed by the

Honorable Hill D. Hudson, Page 3

Comptroller's Department that the county officials of said county are compensated on a fee basis.

Article 3883, Vernon's Annotated Civil Statutes, reads in part as follows:

"Except as otherwise provided in this Act, the annual fees that may be retained by precinct, county and district officers mentioned in this Article shall be as follows:

"1. In counties containing twenty five (25,000) thousand or less inhabitants: County Judge, District or Criminal District Attorney, Sheriff, County Clerk, County Attorney, District Clerk, Tax Collector, Tax Assessor, or the Assessor and Collector of Taxes, Twenty-four Hundred ($2400.00) Dollars each; Justice of the Peace and Constable, Twelve Hundred ($1200.00) Dollars each.

". . . ."

Article 3891, Vernon's Annotated Civil Statutes, provides in part as follows:

"Each officer named in this Chapter shall first out of the current fees of his office pay or be paid the amount allowed him under the provisions of Article 3883, together with the salaries of his assistants and deputies, and authorized expenses under Article 3899, and the amount necessary to cover costs of premium on whatever surety bond may be required by law. If the current fees of such office collected in any year be more than the amount needed to pay the amounts above specified, same shall be deemed excess fees, and shall be disposed of in the manner hereinafter provided.

"In counties containing twenty-five thousand (25,000) or less inhabitants, District and County officers named herein shall retain one-third of such excess fees until such one-third, together with the amounts specified in

Honorable Hill D. Hudson, Page 4

Article 3883, amounts to Three Thousand
Dollars ($3,000). Precinct officers shall
retain one-third until such one-third, to-
gether with the amount specified in Arti-
cle 3883, amounts to Fourteen Hundred Dol-
lars ($1400).

". . . ."

Article 3895, Vernon's Annotated Civil Statutes,
reads as follows:

"The Commissioners' Court is hereby
debarred from allowing compensation for
ex-officio services to county officials
when the compensation and excess fees which
they are allowed to retain shall reach the
maximum provided for in this chapter. In
cases where the compensation and excess
fees which the officers are allowed to re-
tain shall not reach the maximum provided
for in this chapter, the Commissioners'
Court shall allow compensation for ex offi-
cio services when, in their judgment, such
compensation is necessary, provided, such
compensation for ex officio services al-
lowed shall not increase the compensation
of the official beyond the maximum of com-
pensation and excess fees allowed to be
retained by him under this chapter. Pro-
vided, however, the ex officio herein au-
thorized shall be allowed only after an
opportunity for a public hearing and only
upon the affirmative vote of at least three
members of the Commissioners' Court."

Compensation for ex officio services allowed shall
not increase the compensation of the county judge beyond the
maximum compensation and excess fees allowed to be retained
by him under Article 3883 and Article 3891, supra. Compen-
sation for ex officio services shall be allowed only after
an opportunity for a public hearing and only upon the affirm-
ative vote of at least three members of the Commissioners'
Court. In no event can the Commissioners' Court allow the
county judge an ex officio compensation in the amount of
$3,000.00 per year in addition to the fees of office retained

774

by him under the provisions of Articles 3883 and 3891. The maximum salary of the county judge of Crane County can in no event exceed the sum of $3,000.00 per year. Therefore, you are respectfully advised that it is the opinion of this department that in compliance with Article 3895, supra, the Commissioners' Court can legally allow compensation for ex officio services for the county judge any amount which will not increase his compensation beyond the maximum of compensation and excess fees allowed to be retained by him under Articles 3883 and 3891, supra.

We respectfully answer your second question in the negative. We enclose herewith copies of our opinions Nos. O-65 and O-2242, which are to the same effect.

In answer to your third question, you are advised it is our opinion that in strict compliance with Article 3895, supra, the Commissioners' Court can legally allow the clerk any amount as ex officio compensation, provided such compensation allowed shall not increase the compensation of the official beyond the maximum compensation and excess fees allowed to be retained by him under Articles 3883 and 3891, and provided further that the compensation for ex officio services, together with the compensation and excess fees allowed to be retained by Articles 3883 and 3891, shall in no event exceed the sum of $5,000.00 per year.

This department has heretofore ruled upon your fourth question in an opinion addressed to the County Attorney of Crane County. This opinion is No. O-3319. We are enclosing a copy of the same for your information.

Trusting that the foregoing answers your inquiry, we are

APPROVED APR 23, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

AW:OO

ENCLOSURE


APPROVED
OPINION
COMMITTEE
BY [initials]
CHAIRMAN